

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09cr293

KENNETH B. TRENT

## MEMORANDUM OPINION

Kenneth B. Trent, proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 73).[1] Trent contends that he received ineffective assistance of counsel[2] and was denied due process in conjunction with his guilty plea and sentencing. Specifically, Trent demands relief because:

| | |
|---|---|
| Claim One: | Petitioner was denied his Sixth Amendment Const., right to effective assistance of counsel at time of plea, by counsel, failing to challenge/object to the prosecutions [sic] breached [sic] of plea agreement; |
| Claim Two: | The conviction to Count Three(3) and plea was obtained in violation of Petitioner's Sixth Amendment Const. right to effective assistance of counsel at time of plea agreement; |
| Claim Three: | Petitioner was denied his Sixth Amendment Const. right to effective assistance of |

---

[1] The Court employs the pagination assigned to Trent's submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Trent's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

|  |  |
|---|---|
|  | counsel at time of plea, when counsel failed to object/challenge the use of an entirely supsended [sic] prior drug sentence for career offender, in which Petitioner received only six months; |
| Claim Four: | Petitioner was denied his Sixth Amendment Const. right to effective assistance of counsel at the time of sentencing, because of counsel's cumulative error's [sic], counsel failed to protect Petitioner's Fifth Amendment right to procedural due process; [and] |
| Claim Five: | Petitioner was denied his Sixth Amendment right to due process at time of plea when found to be a career offender, without a finding of reasonable doubt/by bench judge. |

(Id. at 10-13.) The Government responded, asserting that Trent's claims lack merit. (ECF No. 76.) Trent filed a motion for leave to file a traverse in reply to the Government's response (ECF No. 77), and subsequently filed his Traverse ("Traverse," ECF No. 78). The Court will grant Trent's motion for leave to file (ECF No. 77), and will deem Trent's Traverse (ECF No. 78) timely filed. Trent has also filed a Notice of Supplemental Authority. (ECF No. 79.) For the reasons set forth below, Trent's § 2255 Motion (ECF No. 73) will be denied.

## I. PROCEDURAL HISTORY

On September 1, 2009, a grand jury charged Trent with one count of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, one count

2

of possession with intent to distribute five (5) grams or more of cocaine base, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. (Indictment 1-3, ECF No. 1.) On December 23, 2009, Trent entered into a Plea Agreement and pled guilty to Count Two, charging him with possession with the intent to distribute five grams or more of cocaine base, and Count Three, charging him with possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 27.)

The Plea Agreement provided that Trent "admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt." (Plea Agreement ¶ 2, ECF No. 27.) The Plea Agreement further provided that the "United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence." (Id. ¶ 4.) Trent further understood that the Court had authority to "impose any sentence within the maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a)." (Id.) Finally, Trent agreed "that no threats, promises, or

3

representations have been made, nor agreements reached, other than those set forth in this plea agreement, to cause the defendant to plead guilty." (Id. ¶ 19.)

During his Rule 11 proceedings, Trent confirmed his understanding that the Court would consider the applicable Sentencing Guidelines in determining his sentence. (Dec. 23, 2009 Tr. 11.) Trent stated that no one had promised anything in exchange for his guilty plea other than what was set forth in the written Plea Agreement. (Dec. 23, 2009 Tr. 12.) He also confirmed that he was "totally satisfied" with counsel's assistance. (Dec. 23, 2009 Tr. 12.) Trent further agreed that the Statement of Facts supporting his plea was correct and that he signed the Statement of Facts because the information contained therein was true. (Dec. 23, 2009 Tr. 20-21.)

At the sentencing hearing on May 25, 2010, Trent's counsel objected to his classification as a career offender, arguing that his second degree murder conviction was not a qualifying conviction. (May 25, 2010 Tr. 11-12.) The Court overruled the objection and found that Trent was "correctly classified as a career offender." (May 25, 2010 Tr. 13.) The Court sentenced Trent to a total of 262 months of imprisonment. Specifically, the Court sentenced Trent to 202 months of imprisonment on Count

4

Two, and 60 months of imprisonment on Count Three, to be served consecutively. (J. 2, ECF No. 39.)

On September 13, 2010, Trent filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 43.) In that motion, Trent claimed, inter alia, that counsel had failed to file an appeal on his behalf. (Id. at 4.) The Government conceded that Trent's counsel was ineffective for not filing an appeal on Trent's behalf. (ECF No. 52, at 13.) Accordingly, the Court granted Trent's motion with respect to his claim that counsel failed to file an appeal, and dismissed his remaining claims without prejudice. (ECF Nos. 61, 62.)

Trent, through counsel, filed a Notice of Appeal on October 15, 2012. (ECF No. 64.) On December 13, 2012, the United States Court of Appeals for the Fourth Circuit granted Trent's motion to voluntarily dismiss his appeal. (See ECF No. 70.)

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance

5

prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute

a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Trent's prior sworn statements as other than truthful.

1. **Government's Alleged Breach of the Plea Agreement**

Trent first alleges that counsel was ineffective for not arguing that the Government breached the Plea Agreement by supporting a career offender enhancement. (§ 2255 Mot. 10.) While the Government must honor promises made to a defendant in

7

a plea agreement, Santobello v. New York, 404 U.S. 257, 261-62 (1971), it cannot be bound to promises it did not make, United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986). Trent's claim is belied by his Plea Agreement and the Rule 11 colloquy. His Plea Agreement explicitly stated that the "United States makes no promise or representation concerning what sentence the defendant will receive." (Plea Agreement ¶ 4.) Trent further understood that any estimate received was "a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court." (Id.) During the Rule 11 proceedings, Trent confirmed his understanding that the Plea Agreement did not set forth the sentence he would receive. (Dec. 23, 2009 Tr. 15.) Trent also stated that no one had promised him anything other than what was set forth in the Plea Agreement. (Dec. 23, 2009 Tr. 12.) Given this, it is clear from the record that the Government did not breach the Plea Agreement, and Trent's counsel cannot be considered ineffective for raising a meritless argument.[3] See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).

---

[3] In his Traverse, Trent also argues that the Government breached the Plea Agreement by not filing a motion for a downward departure based upon his substantial assistance. (Traverse 5-6.) Again, this assertion is refuted by the Plea Agreement and the Rule 11 colloquy. In the Plea Agreement, Trent agreed that the determination of whether such a motion would be filed would be within the Government's "sole

Furthermore, to the extent Trent lays blame on his counsel, his allegation is without merit. The Government has provided an affidavit from defense counsel John Luxton. (ECF No. 76-1 ("Luxton Aff.").) Mr. Luxton told Trent that he "was not sure what his sentence would be", and "may have told him [he] anticipated a sentence in the ten to 15 year range." (Luxton Aff. ¶ 2.) Again, Trent's Plea Agreement provided that any estimate received from counsel was a "prediction, not a promise." (Plea Agreement ¶ 4.) Furthermore, during the Rule 11 proceedings, Trent confirmed that he understood that any estimate he received from Mr. Luxton was "a prediction only, it is not a guarantee of what is going to happen." (Dec. 23, 2009 Tr. 18.) Because the Court properly informed Trent that he could not rely upon any sentence estimate provided by counsel, Trent cannot demonstrate prejudice flowing from any misinformation, or lack of information, from his counsel with respect to his sentence. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Accordingly, Claim One will be dismissed.

---

discretion." (Plea Agreement ¶ 14.) He confirmed that understanding during the Rule 11 proceedings. (Dec. 23, 2009 Tr. 17.)

## 2. Insufficient Factual Basis For Count Three

Trent next argues that counsel was ineffective for allowing him to plead guilty when there was an insufficient factual basis to support a plea to Count Three. (§ 2255 Mot. 10-11.) Specifically, Trent claims that there is "no factual basis to support the actual or constructive possession of the weapon 'in relation' to [his] drug trafficking offense." (Traverse 7.) Again, however, Trent's argument is belied by the Plea Agreement, the Statement of Facts, and the Rule 11° colloquy. In the Plea Agreement, Trent "admit[ted] the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt." (Plea Agreement ¶ 2.) The Statement of Facts provided in pertinent part:

> On July 20, 2009, several Virginia probation officers, escorted by members of the Richmond Police Department, made an unannounced home visit to the defendant's residence, located in Richmond, Virginia. Upon lawful entry into the defendant's bedroom, the officers saw, in plain view, a plastic bag containing a white powdery substance, and a digital scale with white residue on it. Having viewed that evidence, the probation officers directed the police officers to detain the defendant, and a search warrant was obtained for the defendant's residence.
>
> While waiting for the search warrant, the defendant admitted that he had "crack" cocaine on his person. He voluntarily retrieved a bag of suspected cocaine from his buttocks area. Later, he admitted that he possessed a Smith and Wesson 9mm firearm. The cocaine base was submitted for laboratory analysis and

> determined to weigh 27.5 grams. In fact, the
> defendant possessed the cocaine base with the intent
> to distribute it, and possessed the firearm to further
> his drug trafficking activities.

(Statement of Facts ¶¶ 3-4, ECF No. 28.) During the Rule 11 proceedings, Trent stated that he agreed with the Statement of Facts and that it accurately set forth the facts of his case. (Dec. 23, 2009 Tr. 20-21.) Given this, Trent cannot demonstrate that he was prejudiced by counsel's failure to raise a meritless objection to the Statement of Facts. See Moore, 934 F. Supp. at 731. Accordingly, Claim Two lacks merit and will be dismissed.

### 3. Use Of 2007 Conviction For Career Offender Designation

In Claim Three, Trent asserts that counsel was ineffective for failing to object to the use of "an entirely suspended prior drug sentence for career offender, in which Petitioner received only six months." (§ 2255 Mot. 11.) Trent is referring to a 2007 conviction for distribution of cocaine for which he received five years of imprisonment, suspended for five years conditioned upon good behavior. (Pre-Sentence Report ¶ 25, ECF No. 69.) In 2008, Trent's probation was revoked and he received six months of imprisonment. (Id.)

Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the
> defendant was at least eighteen years old at the time
> the defendant committed the instant offense of
> conviction; (2) the instant offense of conviction is a
> felony that is either a crime of violence or a

11

> controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2009) ("USSG"). A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 4B1.2(b). Furthermore, "prior felony conviction"

> means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, **regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.**

Id. § 4B1.2 cmt. 1 (emphasis added).

The Fourth Circuit has noted that the actual sentence that the defendant received is irrelevant; rather, the inquiry must focus on the maximum possible sentence that the defendant could have received. See United States v. Kerr, 737 F.3d 33, 39 (4th Cir. 2013). For a violation of Virginia Code section 18.2-248(A), Trent faced imprisonment "for not less than five nor more than 40 years and fined not more than $500,000."[4] Va. Code

---

[4] The mandatory minimum sentence of five years is not applicable if the sentencing judge finds certain mitigating

12

Ann. § 18.2-248(C) (West 2007). Accordingly, it is clear that Trent's 2007 conviction for distribution of cocaine was a felony controlled substance charge that exposed him to the possibility of imprisonment exceeding one (1) year.

The remaining question for the Court is whether Trent's 2007 conviction can be counted as one of the two predicate felony convictions needed to trigger a career offender designation. The "determination of whether convictions are counted under § 4B1.1 is governed by the provisions of § 4A1.2." United States v. Romary, 246 F.3d 339, 342 (4th Cir. 2001) (citation omitted). Section 4A1.2(e) provides, in pertinent part:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

USSG § 4A1.2.

Trent asserts that his conviction cannot be counted because "his collective term of relative confinement is short of the one

---

circumstances. Va. Code. Ann. § 18.2-248(C). Nevertheless, this does not change the fact that Trent's offense was punishable by a term of five years or more.

year and one month necessary to qualify as a predicate offense § 4B1.1." (Traverse 9.) The Court agrees with Trent that his 2007 conviction does not qualify under § 4A1.2(e)(1). A sentence of imprisonment excludes any portion thereof which was suspended. USSG § 4A1.2(b)(2). Given that Trent's original sentence for the 2007 conviction was entirely suspended, it could not count as a "sentence of imprisonment" exceeding one year and one month. Furthermore, although "[p]ostrevocation penalties are attributed to the original conviction," Romary, 246 F.3d at 343 (citation omitted), Trent's probation revocation sentence of six months still does not satisfy the requisite time period. Therefore, his 2007 conviction could not be counted as a predicate felony conviction under § 4A1.2(e)(1).

Nevertheless, Trent overlooks the provisions of § 4A1.2(e)(2), which covers other prior sentences imposed within ten years of commencement of the federal offense of conviction. Trent's original suspended sentence for the 2007 conviction qualifies under this provision. Trent sustained this prior sentence well within the ten-year period before his federal offense of conviction commenced. Accordingly, Trent's 2007 conviction was properly counted as a predicate felony conviction under § 4B1.1, and counsel was not deficient for failing to

14

raise a meritless objection. Therefore, Claim Three will be dismissed.

### 4. Cumulative Error

Trent next claims that counsel's cumulative errors "failed to protect Petitioner's Fifth Amendment right to procedural due process" at sentencing. (§ 2255 Mot. 12.) Because Trent has not been able to establish that his counsel's performance was deficient in any respect, the cumulative effect of deficient performance is not an issue in this case. See Jones v. Stotts, 59 F.3d 143, 147 (10th Cir. 1995) (citation omitted)(noting that cumulative error analysis evaluates only the effect of matters determined to be error, not the cumulative effect of non-errors). Therefore, Claim Four will be dismissed.

### B. Due Process Violation

As his fifth claim for relief, Trent alleges that he was denied his right to due process[5] because the career offender designation was never alleged in the Indictment and was not determined based on proof beyond a reasonable doubt. (§ 2255 Mot. 13.) The Fourth Circuit has squarely rejected Trent's argument, stating:

---

[5] Trent references his Sixth Amendment right to due process. The Court presumes that Trent meant to refer to the Fifth Amendment's Due Process Clause, which provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V.

15

> [T]he Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.

United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005); see also United States v. Herring, 339 F. App'x 355, 356 (4th Cir. 2009) (relying on Cheek to deny argument similar to Trent's). Furthermore, Trent's reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), does not provide relief, as the career offender designation did not increase the statutory maximum penalty Trent faced.[6] Accordingly, Claim Five will be dismissed as meritless.

## III. CONCLUSION

For the foregoing reasons, Trent's § 2255 Motion (ECF No. 73) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could

---

[6] In his Notice of Supplemental Authority, Trent cites to Whiteside v. United States, 748 F.3d 541 (2014), without providing any argument as to how it applies to his case. Moreover, the panel opinion upon which Trent relied was reversed by Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc), cert. denied, 83 U.S.L.W. 3768 (June 29, 2015).

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Trent has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Trent and counsel of record.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Date: July 30, 2015
Richmond, Virginia