**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:09cr293

KENNETH B. TRENT

## MEMORANDUM OPINION

Before the Court is the DEFENDANT'S MOTION TO REDUCE SENTENCE
PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 89). Having
reviewed the motion, the response thereto (ECF No. 90), and the
reply (ECF No. 93), the file and the Presentence Report, the
DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP
ACT OF 2018 (ECF No. 89) will be denied.

## BACKGROUND

Kenneth B. Trent was convicted of, and was sentenced for,
possessing with intent to distribute five grams or more of cocaine
base and a detectable amount of heroin, in violation of 21 U.S.C.
§ 841(a)(1) (Count Two) and for possession of a firearm in
furtherance of a drug trafficking crime, in violation of 18 U.S.C.
§ 924(c) (Count Three). He was sentenced to 267 months of
imprisonment on Count Two and to a consecutive term of 60 months
on Count Three. On July 20, 2009, Virginia Probation Officers
made an unannounced home visit to Trent's residence where they
saw, in plain view, the heroin. It was determined that Trent had

crack on his person, and he admitted to possessing the firearm which is the subject of Count Three of the Indictment.

In 2002, Trent, who was 17 years of age, was tried in state court as an adult and convicted of second degree murder when he and three other individuals forcibly entered a residence in attempting a robbery during which a 23-month old child, Kayla Brown, was shot in the head. Trent was convicted of assault and battery in 2005. And, in 2007, he was convicted of distributing cocaine and given a significant sentence. He twice violated the terms of his release. For one of those violations he served six months in jail and then was returned to supervised probation, a condition under which he was found when he committed the crime in this case.

The record shows that, after conviction in 2002 of second degree murder, he received lenient treatment in the form of a suspended 20 year sentence. Likewise, after a conviction in 2005 of assault and battery, Trent received another lenient sentence; and that after a conviction in 2007 of distribution of cocaine, he received another lenient sentence. None of that leniency deterred him from engaging in the conduct which his produced his conviction in this case.

While in prison, Trent has taken several vocational courses. And, his disciplinary record while in prison is for minor offenses.

## DISCUSSION

To begin, Trent was determined to be a career offender because he had sustained two previous convictions for crimes of violence or serious drug offenses. Thus, even though the defendant was convicted of violating a federal criminal statute, the statutory penalties for which were modified by the Section 203 of the Fair Sentencing Act of 2010 and that this conduct was committed before August 3, 2010, it is the career offender guidelines that drive the sentencing calculation under the guidelines, both now and in 2009 when Trent was convicted in this case.

It is correct that the statutory threshold for eligibility for sentence reduction under the First Step Act is whether the defendant violated a federal criminal statute before August 3, 2010, the statutory penalties for which were modified by Section 203 of the Fair Sentencing Act of 2010. However, the Fair Sentencing Act does not modify the application of the guidelines with respect to career offenders, and, in particular, career offenders whose career offender guidelines are driven by whether the defendant is convicted of an offense under 18 U.S.C. § 924(c). Accordingly, the First Step Act does not alter the penalties to which the defendant was exposed.

Moreover, even if the Fair Sentencing Act did operate to change the guidelines to which the defendant was exposed, a modification of his sentence is not appropriate. The defendant

3

has an extremely serious criminal history, and a violent one at that, considering the serious criminal history and the offense conduct in this case (which included drug distribution and possession of a firearm in connection with that activity). An extensive period of confinement is necessary to protect the public from the defendant's demonstrated inclination to engage in serious and violent activity. That sentence is also necessary to serve the purposes of deterrence and protection of the law.

The Court has considered the vocational classes in which the defendant has participated, including computer training, building, repair and maintenance of buildings and structures, and the nature of his drug education class and mental health concerns. The Court has also considered Trent's record while in prison and the fact that his disciplinary infractions have been minor in nature and are some seven to eight years old. Also, the Court has considered the letter from the defendant accepting responsibility for his conduct and is mindful that much of the defendant's criminal conduct occurred while he was also using drugs. However, none of that offsets the need for an extremely serious sentence to account for the defendant's serious conduct in this case and the fact that he qualified as a career offender, and to serve the ends of 18 U.S.C. § 3553(a). The period of supervised release of five years originally imposed is further necessary to protect the public and to deter the defendant and to assist his re-entry into society.

4

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 89) will be denied.

It is so ORDERED.

/s/      REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November __18__, 2019

5